IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEAN LIFTER<br>8970 Wilson Mills Road<br>Chesterland, Ohio 44026 | )<br>)<br>) | CASE NO. |
| and | )<br>) | JUDGE |
| SHELDON GELMAN<br>8970 Wilson Mills Road<br>Chesterland, Ohio 44026 | )<br>)<br>)<br>) | COMPLAINT FOR MONEY DAMAGES,<br>EQUITABLE RELIEF AND ATTORNEYS'<br>FEES |
| Plaintiffs, | )<br>) | JURY DEMAND ENDORSED HEREON |
| vs. | )<br>) | |
| CLEVELAND STATE UNIVERSITY<br>c/o Office of the General Counsel<br>2121 Euclid Avenue AC 327<br>Cleveland, Ohio 44115-2214 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| CRAIG BOISE, individually<br>c/o 1801 Euclid Avenue<br>Cleveland, Ohio 44115, | )<br>)<br>)<br>) | |
| Defendants. | )<br>)<br>) | |

1.      Plaintiffs Jean Lifter and Sheldon Gelman, husband and wife, are residents of Geauga County, Ohio.

2.      Defendant Cleveland State University is a public university organized and existing under the laws of the State of Ohio. Defendant Craig Boise, named in his individual capacity, is, and at all relevant times was, the Dean of the Cleveland State University John

1

Marshall College of Law ("law school").

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, this being a civil action arising under the Constitution and the laws of the United States.

4. Jurisdiction is also conferred upon this Court by 28 U.S.C. §1343(a)(3) and (4), 28 U.S.C. §§2201 and 2202 and 42 U.S.C. §§1983 and 1988, this being an action for declaratory judgment, equitable relief, and damages authorized by law to redress deprivations under color of law of rights, privileges and immunities secured by the Constitution of the United States.

5. At all times pertinent to this Complaint, and in taking all of the actions described in this Complaint, defendants, their officers, agents and employees, acted under color of state law and were effecting the custom and policy and laws of the State of Ohio, and acted in reckless disregard of Plaintiffs' constitutional rights.

## FACTS GIVING RISE TO PLAINTIFFS' CLAIMS

6. Plaintiff Sheldon Gelman was a tenured professor of law at the law school from 1980 through May 15, 2015, when he retired.

7. Plaintiff Jean Lifter served as the Associate Dean of the law school, a non-faculty position, for 37 years, until she was terminated on June 30, 2014.

8. Beginning in 2012, Plaintiff Gelman was a leader in an effort to organize a collective bargaining unit comprised of faculty members at the law school to affiliate with the American Association of University Professors (AAUP).

9. Defendant Boise opposed the unionization of the law school faculty and expressed his disapproval by, among other things, commenting that a union campaign would be divisive to the faculty and that an organized faculty would make his job more difficult.

10. After a campaign for unionization, which included unfair labor practice charges filed by the union against the university relating to the eligibility of certain voters, the law school faculty voted to unionize.

11. In June 2013, Defendant Boise retaliated against Plaintiff Gelman for his role in organizing the law school faculty by providing him with a pay raise that was approximately one-third of the amount that he had received the previous year, and less than he was otherwise entitled according to the objective criteria under which Defendant Boise stated raises would be determined.

12. Shortly after Gelman learned of the small amount of the raise he had received, he learned that other faculty members involved in organizing the union had received similarly small raises for the 2013-14 academic year, or no raise at all.

13. Defendant Boise declined to appoint Plaintiff Gelman to any faculty committees at the law school during the 2013-14 academic year, with the exception of the Honors Committee, which merely approves, via email, sanctions imposed against students by the school administration.

14. In May 2014, Plaintiff Gelman was elected president of the faculty union.

15. During the spring of 2014, Defendant Boise was in the process of preparing the law school budget for the upcoming 2014-15 academic year. Concerned about a potential reduction in the size of the entering class, and therefore, in a loss of revenue, Defendant Boise appointed a special faculty budget committee to meet and provide him with recommendations for reductions in the budget based on the small class size that he claimed to anticipate for the fall of 2014. None of the committee's recommendations or proposals included terminating Plaintiff

Lifter.

16. Defendant Boise adopted many of the recommendations that the committee made to reduce the school's expenses, and presented a budget to the university that was based on an entering class of 125 students, smaller than the prior year.

17. In late June 2014, the university trustees approved the law school budget that Boise had proposed, which was predicated on an enrollment lower than the school's goal of 140 students. Boise also stated that additional qualified students who applied would also be admitted.

18. In fact, however, 147 admitted students, well over the 125 students on which the budget had been prepared, had paid their first and second deposits to the school by the end of June 2014, and more than 140 had paid a second deposit by the time the university board had approved the law school's budget.

19. Indeed, and recognizing that the claimed shortfall of students did not exist, Defendant Boise initiated a program under which admitted students for the 2014-15 academic year were contacted and asked if they were interested in deferring the beginning of their legal education for a year. Thus, rather than a decreased class size being caused by external factors, any smaller class size and loss of revenue to the school by virtue of the smaller class size, was a product of the Defendant Boise's own making.

20. Nevertheless, relying on non-existent budget shortfall, Defendant Boise, without consulting with any individual or committee, on June 30, 2014, recommended, which the university president accepted, that the university terminate Plaintiff Lifter from her employment.

21. Defendants' decision to terminate plaintiff Lifter was in retaliation for Defendant Gelman's exercising his rights secured by the First and Fourteenth Amendments.

COUNT I

22. Plaintiffs incorporate paragraphs 1 through 21 of their complaint as though fully rewritten.

23. Defendants retaliated against Plaintiff Gelman for the exercise of his rights secured by the First and Fourteenth Amendments by reducing the size of the merit raise to which he was otherwise entitled, by depriving him of faculty committee appointments, and taking other adverse action against him.

24. As a direct and proximate result of Defendants' misconduct, Plaintiff Gelman suffered and will continue to suffer economic and non-economic damages including but not limited to loss of income, the diminution of pension benefits, and other terms, privileges, and conditions of employment, humiliation and emotional distress, for which he is entitled to damages as demanded below.

COUNT II

25. Plaintiffs incorporate paragraphs 1 through 24 of their complaint as though fully rewritten.

26. Defendants retaliated against Plaintiff Lifter for Gelman's exercising his rights secured by the First and Fourteenth Amendments by terminating her employment.

27. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Lifter suffered and will continue to suffer economic and non-economic damages including but not limited to loss of income, the diminution of salary, wages, and pension benefits, and other terms, privileges, and conditions of employment, humiliation and emotional distress, and is also entitled to the equitable relief demanded below.

WHEREFORE, Plaintiffs demand upon Count I, compensatory and punitive damages as against Defendant Boise only in an amount to be determined at trial; and,

Upon Count II of their Complaint, compensatory and punitive damages as against Defendant Boise only, and an order of reinstatement and/or front pay as against all Defendants; and,

Upon all Counts of their complaint, any other relief, whether declaratory, legal or equitable, to which Plaintiffs may be entitled, including their reasonable attorneys' fees.

/s/ Steven D. Shafron
J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
STEVEN D. SHAFRON (0039042)
sshafron@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio  44113-1949
(216) 781-5245
(216) 781-8207 (facsimile)

Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues within this Complaint.

/s/ Steven D. Shafron
J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
STEVEN D. SHAFRON (0039042)
sshafron@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN

Attorneys for Plaintiffs